IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FMC2, INC., *et al.*, | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AUTO BOUTIQUE OF SOUTH | : | |
| FLORIDA, INC. d/b/a AUTO | : | |
| BOUTIQUE, *et al.*, | : | No. 17-4924 |
|     Defendants. | : | |

**MEMORANDUM**

**Schiller, J.**                                                                                                                          **July 30, 2020**

    Howard Elfand is seeking to vacate a default judgment entered against him. He claims that service of the summons and complaint on him was improper and therefore must be quashed. The Court finds that Elfand was properly served and therefore denies his motion to quash and his attempt to vacate the default judgment against him.

**I.     FACTUAL BACKGROUND**

    This litigation commenced on November 1, 2017. An attempt to serve Elfand in May of 2018 failed because Elfand had relocated years prior. After a receiver was appointed for Plaintiff in this case, counsel sought additional time to try to serve Elfand again. Because the receiver had diligently tried to find Elfand and had located a new address for him, the Court granted additional time to serve Elfand.

    According to the return of service filed on the docket, the process server, Roy Miller, served a copy of the summons and complaint on November 8, 2019, on "**ENRIQUE ZULETA as By Request**" at Elfand's usual place of abode. Elfand failed to respond to the complaint and a default

was entered against him on January 2, 2020. The Court entered a default judgment against Elfand on June 10, 2020. On June 18, Elfand filed a motion to quash service.

Elfand's affidavit, which he attached to his motion to quash service, states that he lives at the apartment where Miller delivered the complaint and summons. (Mot. to Quash Service and Vacate Default and Default J. Ex. A [Elfand Aff.] ¶ 5.) However, he states that Zuleta does not reside at Elfand's apartment and Zuleta "is not authorized to accept service on my behalf." (*Id.* ¶ 6.)

The response, which relies upon the affidavit of the process server, paints a more complete picture of service on Elfand. When Miller arrived at the apartment building where Elfand lived, he encountered Zuleta, who was in charge of the security desk. (Resp. in Opp'n of KeyBank Nat'l Ass'n to the Mot. to Quash Service and Vacate Default and Default J. Ex. A [Miller Aff.] ¶ 3.) After Miller explained that he was there to serve process on Elfand, Zuleta informed Miller that the apartment building was "structured in a manner whereby if Mr. Zuleta allowed me to take the elevator to Mr. Elfand's apartment, when the elevator door opened, I would be standing inside Mr. Elfand's apartment." (*Id.* ¶ 5.) Zuleta also showed Miller the rules of the apartment building, including a rule that the person in charge of the security desk was authorized to accept service of deliveries, including "service of legal process." (*Id.* ¶ 6.) Zuleta also showed Miller a document purportedly signed by Elfand that authorized the security desk to accept service of process. (*Id.* ¶ 7.)

Zuleta then had a telephone conversation with Elfand while Miller was present. "After finishing his telephone conversation with Mr. Elfand, Mr. Zuleta told me that, during his telephone conversation with Mr. Elfand, Mr. Elfand instructed Mr. Zuleta to accept service of the Summons and Complaint on behalf of Mr. Elfand." (*Id.* ¶ 9.) Miller handed Zuleta the summons and

2

complaint and Zuleta told Miller that he would deliver the summons and complaint to Elfand, as Elfand had requested. (*Id*. ¶ 10.)

## II. DISCUSSION

The Federal Rules of Civil Procedure allow an individual to be served in a judicial district of the United States by either delivering a copy of the summons and of the complaint to the individual personally, by leaving a copy of the summons and of the complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or by "delivering a copy of [the summons and of the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A-C).

Elfand relies on Florida's service laws because that is where service was made. He argues that service was improper because Zuleta, who was an employee of the condominium association where Elfand lived, did not reside within Elfand's usual place of abode and was not authorized to accept service for Elfand. Plaintiff, to the contrary, relies on the Federal Rules of Civil Procedure and argues that service was proper because Elfand authorized Zuleta to accept service for him.

"For service of process to be valid upon an agent, it must be shown that [the agent] was actually appointed by the defendant for the specific purpose of receiving process." *United States v. Marple Community Record, Inc.*, 335 F. Supp. 95, 101 (E.D. Pa. 1971). The authority to appoint an individual to receive service can be express or implied. *See Khurana v. Strategic Distrib., Inc.*, Civ. A. No. 07-5188, 2008 WL 5191816, at *2 (E.D. Pa. Dec. 10, 2008).

Service on Elfand was proper here. The record reflects that Miller left the summons and the complaint with an agent authorized to accept service for Elfand. Miller told Zuleta why he was there to see Zuleta. Zuleta proceeded to demonstrate to Miller that: (1) the rules of the apartment building permitted Zuleta to accept service for residents; (2) Elfand had previously authorized one

in Zuleta's position to accept service for him; and (3) Elfand specifically authorized Zuleta, via telephone, to accept the summons and complaint in this litigation. Plaintiff has clearly shown that Elfand appointed Zuleta to accept service here and Miller was reasonable in accepting the representation that Zuleta was authorized to accept the summons and complaint.

Moreover, the Court is convinced that service was also proper under 4(e)(2)(B). Courts have held that service is proper when a process server delivers a copy of the summons and the complaint to the doorman of a defendant's residence. *See Hartford Fire Ins. Co. v. Perinovic*, 152 F.R.D. 128, 130-32 (N.D. Ill. 1993); *see also 131 Main Street Assocs. v. Manko*, 897 F. Supp. 1507, 1524-25 (S.D.N.Y. 1995) ("Because it was this doorman's job to serve as a link between the outside world and the tenants of 425 E.63rd, he was an objectively reliable third party with whom to leave legal papers."); *Harrell v. Bower Motors, Inc.*, Civ. A. No. 02-8252, 2014 WL 174558, at *1 (N.D. Ill. July 30, 2004) ("[T]his Court and others have held that service upon a doorman is valid when the intended recipient is intentionally unavailable to accept service.").

### III. CONCLUSION

Elfand was properly served in accordance with the Federal Rules of Civil Procedure.[1] His motion to quash service is therefore denied, and there is no reason to vacate the default judgment entered against Elfand in this case. An Order consistent with this Memorandum will be docketed separately.

---

[1] Because service was proper under the Federal Rules of Civil Procedure, there is no need for the Court to address whether service was proper under Florida law.